## DANIEL H. DORSETT
### v.
## GEORGE W. CLOTHER.

*Negotiable Instruments — Note — Execution —Improper Remarks by Counsel During Trial.*

1. Improper statements of counsel made during the trial of a cause will not justify a reversal unless it appears that they probably had a material influence on the result.

2. In an action brought to recover upon a promissory note, the contention being as to whether the same had been executed by the defendant, this court declines, in view of the evidence, to interfere with the verdict for the plaintiff.

[Opinion filed January 22, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon ROLLIN S. WILLIAMSON, Judge, presiding.

Messrs. H. T. & L. HELM, for appellant.

Messrs. LYMAN & JACKSON, for appellee.

MORAN, J.   The issue of fact which was tried by these parties in the court was, whether the note which was in suit had been executed by appellant.   Appellant denied that the note was signed by him, and appellee introduced two witnesses who swore that appellant admitted, when shown the note, that it was all right, and promised to pay it.   Complaint is made that appellant was not allowed to cross-examine appellee as to the circumstances which occurred at the time the note was delivered to him.   Counsel has not stated what facts or circumstances he expected to prove.   There is nothing in the case from which we can see anything material was excluded by the court's ruling.

We conclude, from the argument of counsel, that the facts which he sought to draw out by the questions excluded were the same as those stated in the deposition of appellee, which deposition the court would not allow appellant to read.   If we are right in this, we can not see that there is any materiality in those facts; certainly the exclusion of them was not injurious to appellant.

Complaint is made of the remarks made by appellee's counsel in statement, and in argument to the jury.   Perhaps the statements were not all entirely legitimate, but some of the parts excepted to were not outside the line of argument.   Such exceptions are difficult to deal with by a reviewing court, but we think the true rule is that they will not constitute ground of reversal, unless it appears that the improper remarks probably had a material influence on the result.

We do not think the statements complained of were of such a character as to authorize us to disturb a verdict clearly warranted by the evidence.

The judgment of the Circuit Court must be affirmed.

*Judgment affirmed.*